# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: MONITRONICS INTERNATIONAL, INC.,
TELEPHONE CONSUMER PROTECTION ACT (TCPA)
LITIGATION**                                        MDL No. 2493

## ORDER DENYING TRANSFER

**Before the Panel**: Defendant Monitronics International, Inc. (Monitronics) moves under 28 U.S.C. § 1407 for transfer of the action listed on Schedule A (*Hurst*) to MDL No. 2493. Plaintiff opposes the motion.

After considering the argument of counsel, we deny the motion for transfer. The actions centralized in this MDL "share common factual allegations regarding Monitronics' policies and procedures for calling consumers, directly or through agents, for the purpose of selling home security products or services, as well as its procedures for obtaining and recording a consumer's consent to receive such calls." *See In re: Monitronics Int'l, Inc., Tel. Consumer Prot. Act (TCPA) Litig.*, 988 F. Supp. 2d 1364, 1366 (J.P.M.L. 2013). The current master consolidated complaint in MDL No. 2493 indicates that the focus of the MDL remains allegedly unlawful "telemarketing in the home security industry." In contrast, the *Hurst* action alleges unlawful debt collection calls by Monitronics.

We are not persuaded by Monitronics' arguments that *Hurst* nonetheless shares factual issues with the actions in MDL No. 2493. Monitronics' characterization of the alleged calls in *Hurst* as encompassing both debt collection efforts and telemarketing is not supported by the face of the complaint or other documents in the underlying docket.[1] Moreover, in the Panel briefing, plaintiff reiterates that her complaint is "based on autodialed or prerecorded *debt collection calls*" allegedly made by defendant, and she "does not seek redress for any alleged unsolicited telemarketing or telephone solicitations."[2]

Monitronics also argues that transfer of *Hurst* is appropriate on the ground that the common factual issues concerning its policies and procedures for calling consumers and obtaining consent are central to the *Hurst* action. We recently rejected this argument in denying transfer of another action alleging debt collection calls placed by Monitronics, based on the determination that debt

---

[1]  *See, e.g., Hurst* Compl. ¶ 9 (alleging that Monitronics made calls "to discuss Plaintiff's former account and/or to collect debt(s)," without reference to any telemarketing or sales attempts).

[2]  *See* Pl.'s Response in Opp'n to Mot. to Transfer at 2 (J.P.M.L. June 29, 2015) (emphasis in original).

-2-

collection calls involve factual and legal issues distinct from the TCPA telemarketing issues that are involved in MDL No. 2493. *See* Order Denying Transfer (*Redden*) at 1 (J.P.M.L. Apr. 1, 2015). Monitronics offers no persuasive reason for reaching a different result here. In fact, the underlying record confirms that distinct issues are raised by actions alleging unlawful debt collection calls initiated by Monitronics, including an alarm monitoring agreement that allegedly provides for mandatory arbitration and a contractual limitations period.[3] On this record, considering the different factual and legal issues involved in *Hurst,* the Panel finds that transfer of *Hurst* to MDL No. 2493 will not serve the just and efficient conduct of the litigation.

IT IS THEREFORE ORDERED that the motion for transfer of the action listed on Schedule A is DENIED.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell          Charles R. Breyer
Lewis A. Kaplan              Ellen Segal Huvelle
R. David Proctor             Catherine D. Perry

---

[3] *See Hurst v. Monitronics*, C.A. No. 15-1844, Def.'s Mot. to Dismiss (N.D. Ga. June 18, 2015).

**IN RE:  MONITRONICS INTERNATIONAL, INC.,**
**TELEPHONE CONSUMER PROTECTION ACT (TCPA)**
**LITIGATION**                                                          MDL No. 2493

## SCHEDULE A

<u>Northern District of Georgia</u>

HURST v. MONITRONICS INTERNATIONAL, INC., C.A. No. 1:15-01844