IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SUSAN HURST
on behalf of herself and all others
similarly situated,

   Plaintiff,

    v.

MONITRONICS INTERNATIONAL, INC.,

   Defendant.

CIVIL ACTION FILE
NO. 1:15-CV-1844-TWT

**ORDER AND OPINION**

This is an action under the Telephone Consumer Protection Act. It is before the Court on the Defendant's Motion to Dismiss or to Stay Proceedings and Compel Arbitration [Doc. 11]. A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citations and quotations omitted). In ruling on a motion to

dismiss, the court must accept factual allegations as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555).

The Plaintiff alleges that the Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), by initiating non-emergency telephone calls using an automatic telephone dialing system and/or an artificial or prerecorded voice to cellular telephone numbers without the prior express consent of the subscribers of those cellular telephone numbers. The Plaintiff entered into a contract with Spot Security to provide alarm monitoring services. The Defendant alleges that Spot Security assigned the contract to it. Just as in Green v. Cavalry Portfolio Services, LLC, 305 Ga. App. 843 (2010), Monitronics must prove a valid written assignment of the Plaintiff's contract with Spot Security in order to enforce its terms.

Monitronics cannot enforce Spot Security's contractual rights without submitting the written assignment contracts in compliance with the standards set forth in <u>Nyankojo v. North Star Capital Acquisition</u>, 298 Ga. App. 6 (2009) and its progeny. It cannot do that without going outside the pleadings. The motion to dismiss should be denied.

The Defendant also seeks to stay the case and to compel arbitration. The Plaintiff argues that Monitronics should be held to have waived its right to ask for arbitration, because it has chosen to use the court system in order to gain a material advantage in the litigation. Monitronics could have asked the Georgia state court to enforce the alleged arbitration agreement, but instead removed the case to federal court and is now taking the position that the Plaintiff lacks Article III standing to pursue the case in the court it chose -- an argument unavailable in the Plaintiff's chosen forum. Monitronics has also used federal procedures to hedge its bets as to venue by twice requesting that this action be transferred to West Virginia through the MDL proceedings. The Court agrees. In this Circuit, "'[a]rbitration should not be compelled when the party who seeks to compel arbitration has waived that right…' Waiver occurs when both: (1) the party seeking arbitration 'substantially participates in litigation to a point inconsistent with an intent to arbitrate'; and (2) 'this participation results in prejudice to the opposing party.' Prejudice exists when the party opposing arbitration 'undergo[es] the types of litigation expenses that arbitration

was designed to alleviate.'" In re checking Account Overdraft Litigation, 754 F.3d 1290, 1294 (11th Cir. 2014). The Defendant's motion to dismiss asks this Court to rule on the merits of its limitations defense and seeks to compel arbitration if, and only if, this Court denies its motion on the merits. Insofar as the Defendant asks this Court to rule on a provision of the contract outside of the arbitration clause before determining whether to compel arbitration, the Defendant is attempting to take two bites at the apple in a manner flatly inconsistent with the manner in which an agreement to arbitrate is supposed to be enforced. By seeking a ruling on the merits, a transfer for consolidated proceedings, and a stay for Article III jurisdictional concerns, Monitronics has acted inconsistently with an intent to arbitrate and these actions have caused prejudice to the Plaintiff.

In addition, the arbitration clause itself is unenforceable. The "rules" the alleged contract references as governing the arbitration between the Plaintiff and the Defendant do not exist. Rather than selecting a neutral third-party arbitrator, the contract requires that a lawyer familiar with the security industry in the distant forum of Dallas, Texas conduct the secret arbitration. Under these circumstances, it would be unconscionable to dismiss this case in favor of arbitration.

"The FAA [Federal Arbitration Act] reflects the fundamental principle that arbitration is a matter of contract." Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63,

67 (2010). "The FAA thereby places arbitration agreements on an equal footing with other contracts... and requires courts to enforce them according to their terms... Like other contracts, however, they may be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability.'" Id. at 68 (internal citations omitted).

The alarm monitoring contract was executed in Oregon. Under Georgia conflict of laws, Oregon law applies. Under Oregon law, "[u]nconscionability is 'assessed as of the time of contract formation,' and the doctrine 'applies to contract terms rather than to contract performance.'" Bagley v. Mt. Bachelor, Inc., 340 P.3d 27, 35 (Or. 2014). "Unconscionability may be procedural or substantive." Id. The substantive terms of the arbitration clause require that arbitration between a consumer in Oregon and a business in Oregon, Spot Security, for services to be provided at the consumer's home in Oregon to take place in Dallas, Texas. There is no legitimate purpose for requiring that the arbitration occur in Dallas, except to make it costly and difficult for the consumer. The agreement does not name an arbitration forum for a consumer to file her claim; rather the consumer has to go to court, pursuant to 9 U.S.C. § 5, to have an arbitrator appointed. In addition, the arbitration agreement includes a release from liability for punitive damages for future conduct. In upholding a different arbitration clause, the Oregon Court of Appeals specifically noted that the absence of such a

limitation is what made the agreement conscionable. See Motsinger v. Lithia Rose-FT, Inc., 156 P.3d 156, 166 (Or. App. 2007) ("Equally relevant, however, is what the arbitration clause does not do. Most importantly, the arbitration clause does not impose any limits on the type or amount of recovery that can be awarded by the arbitrator. It does not exclude punitive or statutory damages or preclude an award of attorney fees when otherwise provided by law."). In addition to the arbitration clause, the alarm monitoring agreement as a whole is permeated throughout with substantive unconscionability. Paragraph 5 contains a release of the company from liability followed by a damages limitation of $1,000.00. Such release and damages limitation is unconscionable for the same reasons as the release in Bagley was unconscionable. Bagley, 340 P.3d 27 (Or. 2014); see also Monitronics International, Inc. v. Veasley, 323 Ga. App. 126 (2013) (noting that the trial court found similar provision unconscionable under Georgia law). According to the contract, claims against the company must be brought within 1 year (paragraph 12), must be brought in Dallas, Texas before an industry attorney (paragraph 13), and damages are capped at $1,000.00 (paragraph 5), excluding punitive damages not recoverable at all (paragraph 13). For these reasons, the Defendant's Motion to Dismiss or to Stay Proceedings and Compel Arbitration  [Doc. 11] is DENIED.

SO ORDERED, this 10 day of February, 2016.

    /s/Thomas W. Thrash
    THOMAS W. THRASH, JR.
    United States District Judge